# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| TONY EDMONDS and WANDA EDMONDS, ) ) ) Plaintiffs, ) v. ) ) ABRAHAM BERHE, ) YONAS H. GHEBREYESUS, and ) MODEL TRANSPORT, LLC, ) ) Defendants. ) | No. 1:18-cv-1222-STA-jay |

## ORDER GRANTING VOLUNTEER EXPRESS'S MOTION TO INTERVENE

Before the Court is a Motion to Intervene filed by Volunteer Express, Inc. (ECF No. 39) on May 9, 2019. The original Complaint alleges that on February 16, 2018, Plaintiff Tony Edmonds was driving a tractor-trailer owned by Volunteer Express when another tractor-trailer owned by Defendant Yonas H. Ghebreyesus and driven by Defendant Abraham Berhe struck his vehicle. Compl. ¶¶ 10, 12. Volunteer Express now seeks leave of court to intervene in this matter under Federal Rule of Civil Procedure 24. According to Volunteer Express, Mr. Edmonds has filed a workers' compensation claim, seeking benefits for his injuries arising out of the collision. Volunteer Express has already paid $34,000 in benefits on Edmonds's behalf and will be liable for additional benefits as they accrue. Volunteer Express also holds a claim for damages to its tractor-trailer sustained in the accident. Based on these interests, Volunteer Express argues that the Court should allow it to intervene in these proceedings. Volunteer Express has prepared a proposed intervenor complaint and attached its pleading to the Motion to

Intervene. No other party to the action has responded to the Motion to Intervene, and the time to do so under the Local Rules has now passed.[1]

Under Federal Rule of Civil Procedure 24(b), district courts have the discretion to permit a party to intervene by "timely motion" and where the party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Rule requires a court to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "So long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors" is a matter left to the discretion of the court. *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018) (quoting *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997)).

The Court finds good cause to allow Volunteer Express to intervene. Timeliness is a threshold issue for a motion to intervene under Rule 24. *NAACP v. New York*, 413 U.S. 345, 365 (1973) (citing Fed. R. Civ. P. 24). The Sixth Circuit has articulated a five-factor test for courts to consider in determining the timeliness of a motion to intervene: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of its interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of their interest in the case;

---

[1] Federal Rule of Civil Procedure 24(c) requires a party to serve a motion to intervene on the parties in accordance with Rule 5. Fed. R. Civ. P. 24(c). Rule 5(b), in turn, authorizes several methods by which a party can serve a paper on another party, including mailing and sending the paper to a registered user through a court's electronic-filing system. *See* Fed. R. Civ. P. 5(b)(2)(C) & (E). According to Volunteer Express's certificate of service, counsel served a copy of the Motion to Intervene on counsel for the other parties by U.S. Mail and the Court's

and (5) the existence of unusual circumstances weighing in favor of or against intervention. *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (quoting *Jansen v. Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

Volunteer Express's Motion easily qualifies as timely. Volunteer Express has acted promptly to assert its interests in the outcome of this action by filing its Motion only one week after the entry of the initial scheduling order (ECF 36) and six weeks prior to the deadline for amending pleadings and joining parties (June 19, 2019). And because Volunteer Express has made its request to intervene at an earlier stage of the proceedings, the Court has no reason to find that Volunteer should have acted sooner or that its failure to take action has prejudiced the other parties. At this early juncture, there is little or no risk that Volunteer Express's intervention will require the other parties to duplicate any step they have already completed in getting the case ready for trial. *Id*. at 286. The Court finds, therefore, that intervention will not delay the progress of the case.

Furthermore, Volunteer Express has shown that intervention will serve its important legal interests. Volunteer Express seeks to intervene for the purpose of protecting its subrogation interest in the Edmonds's possible recovery as well as to assert its own claim for $105,000 in property damage. These interests qualify as the kind of important legal interests intervention is designed to protect. *Davis v. Lifetime Capital, Inc.*, 560 F. App'x. 477, 491 (6th Cir. 2014) (quoting *Clarke v. Baptist Mem'l Healthcare Corp.*, 427 F. App'x 431, 436 (6th Cir. 2011)); *Moore v. Indus. Maint. Serv. of Tenn., Inc.*, No. 11-2938-STA-tmp, 2012 WL 1100707, at *2 (W.D. Tenn. Apr. 2, 2012) (finding that an employer's subrogation rights to recover workers' compensation benefits was an important legal interest and justified intervention). And no party

---

ECF filing system on May 9, 2019.

has shown that this case implicates any unusual circumstance that would make intervention particularly more or less appropriate. Based on its consideration of all of these factors, the Court concludes that Volunteer Express has easily satisfied Rule 24's timeliness requirement.

Likewise, all of the other factors for intervention are met in this case. Volunteer Express's claims share at least one common question of fact and law with the Edmonds's claims. In fact, the proposed intervenor complaint has adopted by incorporation all of the Edmonds' allegations of negligence and vicarious liability against Defendants. *See* Proposed Intervenor Compl. ¶ 3 (ECF No. 39-1). The Court has no indication that Volunteer Express's intervention will prejudice the adjudication of the other parties' rights. As Volunteer Express correctly points out, the Court has subject matter jurisdiction in this case based on the amount in controversy and the complete diversity of citizenship among the parties. Volunteer Express is a corporation organized under the laws of the state of Tennessee and therefore has its citizenship in Tennessee just like the Edmonds. Volunteer Express's intervention will not impair the Court's subject matter jurisdiction. For their part, neither Plaintiffs nor Defendants have responded to the Motion to Intervene or objected in any way to show why the Court should not allow Volunteer Express to intervene. All of this tends to show that Volunteer Express's presence in this suit will not prejudice any right of the other parties.

It is true that Volunteer Express and Mr. Edmonds may have some identity of interest in the case. Identity of interest is sometimes a "relevant criterion" under Rule 24(b) and can weigh against permissive intervention of this sort. *Johnson*, 902 F.3d at 579 (citations omitted). Volunteer Express asserts a subrogation right over any award of damages recovered by Mr. Edmonds. But in this case the identity of interest between Volunteer Express and Mr. Edmonds is not exact. Volunteer Express seeks to protect its subrogation rights as far as Mr. Edmonds's

4

possible recovery and also to recover $105,000 in damages to its own property, claims that do not coincide entirely with the claims asserted by Mr. Edmonds. Proposed Intervenor Compl. ¶¶ 4, 7. There exists then at least the potential "for inadequate representation." *Grutter v. Bollinger*, 188 F.3d 394, 400 (6th Cir. 1999). So while Volunteer Express and Mr. Edmonds may share some common interests against Defendants, Volunteer Express has its own, clearly distinguishable interests in the outcome of this suit.

Having met the requirements of Rule 24(b) and without opposition from any other party to the case, Volunteer Express's Motion to Intervene will be **GRANTED**. Volunteer Express has complied with Rule 24(c) and attached a copy of its proposed intervenor complaint setting out its claims for relief against Defendants Abraham Berhe, Yonas H. Ghebreyesus, and Model Transport, LLC. For the sake of clarity on the docket, Volunteer Express is directed to re-file its proposed intervenor complaint as a new docket entry.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 10, 2019