IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TONY EDMONDS ) | |
| and WANDA EDMONDS, ) | |
| ) | |
| Plaintiffs, ) | |
| AND ) | |
| ) | |
| VOLUNTEER EXPRESS, INC., ) | |
| ) | |
| Intervening Plaintiff, ) | |
| v. ) | No. 1:18-cv-1222-STA-jay |
| ) | |
| ABRAHAM BERHE, ) | |
| YONAS H. GHEBREYESUS, and ) | |
| MODEL TRANSPORT, LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER

Before the Court are Plaintiffs Tony and Wanda Edmonds' objections to the United States Magistrate Judge's order denying Plaintiffs' motion to extend the deadline for making expert disclosures. The Magistrate Judge entered his order on December 9, 2019. Plaintiffs filed their objections on December 21, 2019, and Defendants Abraham Berhe and Model Transport, LLC have responded in opposition to the objections. For the reasons set forth below, Plaintiff's objections are overruled, and the Magistrate Judge's order is **AFFIRMED**.

## BACKGROUND

The Magistrate Judge has set out the following background information in his order: Plaintiffs filed this action in November 2018, alleging injuries sustained by Mr. Edmonds in a motor vehicle accident in February 2018. The initial scheduling order set November 28, 2019, as

1

the deadline for Plaintiffs to make their expert disclosures. In their Motion Plaintiffs requested an extension of the deadline to December 20, 2019. For cause Plaintiffs stated a need for more time to obtain neuropsychological testing for Mr. Edmonds, an independent medical evaluation, a vocational assessment, and presumably the opinion of an economist. According to Plaintiffs, Mr. Edmonds had had a difficult time due to his physical stature finding a qualified doctor with MRI equipment that would allow Mr. Edmonds to undergo an examination. Plaintiffs now believe that they have located a doctor who can accommodate Mr. Edmonds.

Following a hearing with counsel for the parties, the Magistrate Judge found that Plaintiffs had not shown good cause for the extension. Plaintiffs conceded that Mr. Edmonds had received an evaluation from a neurologist in September 2019 but then failed to keep at least one follow-up appointment. This occasioned delays in receiving the neurologist's report, which in turn caused further delay in Mr. Edmonds receiving additional treatment and expert evaluation. The Magistrate Judge found then that the delay was attributable to Mr. Edmonds. The Magistrate Judge also found that Plaintiffs had offered no explanation as to why they had been unable to retain appropriate experts in the one year and ten months since Mr. Edmonds' accident had occurred or the year in which the case had been pending. In the absence of good cause for their inability to meet the current expert disclosure deadline, the Magistrate Judge issued an order denying Plaintiffs' Motion for Extension.

In their objections to the Magistrate Judge's order, Plaintiffs have essentially reiterated the same factual grounds and legal arguments they made before the Magistrate Judge, though Plaintiffs did submit more than one hundred pages of additional exhibits for the Court's review. Plaintiffs restate the same factual background and procedural history they presented to the Magistrate Judge and argue that they have demonstrated good cause for the extension of the

expert disclosure deadline. Notwithstanding counsel for Defendants' statements to the contrary at the motion hearing, Plaintiffs also assert that they had put Defendants on notice of Mr. Edmonds' need for neuropsychological evaluation at several points before November 2019. Plaintiffs do concede that Mr. Edmonds missed an appointment with his physician but state that Mr. Edmonds did so as a result of memory loss issues he has experienced since the accident. Under the circumstances, Plaintiffs contend that this constitutes good cause for the extension and that Defendants will not suffer any prejudice from the extension.

Plaintiffs have attached the following unverified exhibits to their written objections: a series of emails exchanged between Plaintiffs' attorney and the workers compensation carrier (exhibit 1); an patient intake form from the Center for Neurological Studies ("CNS") in Dearborn, Michigan (exhibit 2); a series of questionnaires and disclosures containing some of Mr. Edmonds's medical history and private health information (exhibit 3); information for travel to CNS in Dearborn, Michigan (exhibit 4); CNS's guidelines for comprehensive medical reports (exhibit 5); CNS's billing and scheduling information for new patients (exhibit 6); emails between a CNS representative and Plaintiff's attorney attempting to schedule Mr. Edmonds' MRI (exhibits 7-9); a treatise on the neuroimaging of the brain (exhibit 10); July 2019 email correspondence among counsel discussing the need to extend the mediation deadline (exhibits 11-12 & 14-16); and a collection of Mr. Edmonds' medical records from several treating physicians and providers (exhibit 13).

Defendants have no objection to the Magistrate Judge's order and have responded in opposition to Plaintiffs' objections. Defendants assert several new facts that came out during Mr. Edmonds' December 20, 2019 deposition, facts that were not part of the record before the Magistrate Judge: that Mr. Edmonds had still not seen his neurologist as of his deposition, that

3

Mr. Edmonds was released by all of his treating physicians by August 2018 and did not seek any additional treatment or evaluation after that time, and that Plaintiffs' attorney had arranged for Mr. Edmonds' evaluation at CNS in Michigan. According to Defendants, there is no proof that Mr. Edmonds could not receive a proper neuropsychological evaluation in Memphis where he resides. Defendants further argue that an extension of the expert disclosure deadline will now cause them prejudice because their own disclosure deadline has passed and the parties have deposed Plaintiffs. An extension would require additional discovery. For all of these reasons Defendants argue that the Magistrate Judge's order was not clearly erroneous or contrary to law.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review to orders on "nondispositive" preliminary matters and de novo review to reports and recommendations on dispositive matters. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1). Plaintiffs' motion to modify the Rule 16(b) scheduling order is a non-dispositive matter subject to review under the clearly erroneous or contrary to law standard. Federal Rule Civil Procedure 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Bell v. Int'l Broth. of Teamsters*, No. 96-3219, 1997 WL 103320, at*4 (6th Cir. Mar. 6, 1997). "The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (quotation omitted). "When examining legal

4

conclusions under the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser,* 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks omitted)). *See also* 32 Am. Jur. 2d *Federal Courts* 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

## ANALYSIS

The Court finds no reason to disturb the Magistrate Judge's order denying Plaintiffs' motion. As a threshold matter, Plaintiffs have presented no specific objections to the Magistrate Judge's determination of the issues. On the contrary, Plaintiffs have essentially made the same arguments in their objections that the Magistrate Judge already considered and rejected in his order. Plaintiffs' brief fails to direct the Court to any specific claim of error about the Magistrate Judge's understanding of the factual background of the case, either Mr. Edmonds's course of treatment or the procedural history of the case. Plaintiffs have lodged no legal objection to the Magistrate Judge's application of the good cause standard. The Sixth Circuit has held that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency. *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In this case, however, Plaintiffs' memorandum does not zero in on any specific issue of contention related to the Magistrate Judge's reasoning about Plaintiffs' diligence in meeting the case management deadline for expert disclosures.

Instead Plaintiffs have repeated their position that good cause exists for an extension of

the expert deadline but without showing how the Magistrate Judge failed to take their arguments into account or misapplied the law in arriving at his conclusions. Taken as a whole, Plaintiffs' memorandum is nothing more than a general objection to the Magistrate Judge's recommendation.

> A general objection to the entirety of the magistrate's report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

> *Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 148 (1985)).

The Court need not review any recommendation to which no specific objection is made. *Arn*, 474 U.S. at 150. In the absence of more specific and focused objections, the Court declines to give Plaintiffs another bite at the apple. Therefore, the Court holds that Plaintiffs have failed to show with specificity how the Magistrate Judge's order was clearly erroneous or contrary to law.

To the extent that Plaintiffs have introduced new information or presented material that was not given to the Magistrate Judge, Plaintiffs have not explained why they did not raise the same evidence before the Magistrate Judge. Plaintiffs have attached a number of exhibits, over one hundred pages of material, to their written objections, nearly all of which was absent from the record presented to the Magistrate Judge. Plaintiffs have cited no authority to support their request to expand the record in this way, and there is binding precedent that a party waives an issue that he did not present in the first instance to a Magistrate Judge. *AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) (citing *Murr v. United States*, 200 F.3d

6

895, 902 n.1 (6th Cir. 2000)). Plaintiffs have failed to offer any explanation for why they did not present the same evidence with their original motion or make it part of the record at the motion hearing. Under these circumstances, courts typically "ignore new evidence if the evidence is untimely, and the proponent of the evidence has provided no reason why he did not submit it to the magistrate judge." *Moore v. U.S. Dep't of Agric.*, No. 15-5364, 2018 WL 1612299, at *2 (6th Cir. Jan. 31, 2018) (citing *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998)). In this case much of the record included with Plaintiffs' objections appears to be either material related to Mr. Edmonds's treatment at CNS or material to show that Defendants were on notice of Mr. Edmonds's intent to claim neuropsychological injuries. Even if it was procedurally proper for the Court to consider it, the Court finds that whatever additional details the material may provide, they do nothing to call any of the Magistrate Judge's factual determinations into doubt.

The Court notes that some of the exhibits attached to Plaintiffs' brief contain redactions but also other information that appears to be private health information. Counsel for Plaintiffs is instructed to review the filings to determine whether further redaction or even sealing the exhibits would be proper. *See* Electronic Case Filing (ECF) Policies & Procs. § 13.4.3, App'x A, Local R. ("Attorneys and parties shall exercise caution and shall consider redaction or consider filing a sealed document if any of the following information is referenced: . . . (b) medical records, treatment records, or diagnoses."). If Plaintiffs find that the exhibits should be redacted further or sealed, Plaintiffs should file an appropriate motion.

## CONCLUSION

In the final analysis, the Court finds no error in the Magistrate Judge's ruling that good cause did not exist to extend the expert disclosure deadline. Therefore, the Magistrate Judge's order is **AFFIRMED**, and Plaintiffs' objections are overruled.

**IT IS SO ORDERED.**

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              CHIEF UNITED STATES DISTRICT JUDGE

                                              Date: January 27, 2020.